**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**WALLACE BAKER**                                         **CIVIL ACTION NO. 08-784-DLD**

**VERSUS**

**TRANSGUARD INSURANCE COMPANY**         **CONSENT CASE**
**OF AMERICA, INC.**

**RULING**

This matter is before the court on defendant's motion for partial summary judgment (rec. doc. 18). Defendant, Transguard Insurance Company of America, Inc., seeks an order dismissing plaintiff's claims for attorney's fees, with prejudice. The motion is unopposed.

**DISCUSSION**

On February 16, 2007, plaintiff was involved in a motor vehicle accident during his occupation as a truck driver (rec. doc. 18-2). At the time of plaintiff's accident, he was insured for occupational accident benefits under Policy No. TGM300007-31099 (the Policy) issued by defendant to the National Association of Independent Truckers (rec. doc. 18-3, Exhibit 1). Plaintiff suffered serious injuries as a result of the accident, which he alleges have rendered him completely disabled (rec. doc. 1). Plaintiff made a claim for benefits under the policy, which was denied by defendant. Id. As a result of plaintiff's injuries and the denial of benefits, plaintiff filed suit against defendant seeking damages (disability and medical benefits provided under the Policy), legal interest, attorney's fees, and costs. Id.

Defendant moves for summary judgment on plaintiff's claim for attorney's fees (rec. doc. 18-2). Defendant argues that plaintiff is not entitled to attorney's fees because Louisiana law prohibits the recovery of attorney's fees in the absence of a statutory provision allowing recovery or a contractual agreement between the parties to pay attorney's fees. Defendant contends that plaintiff has failed to cite to a specific statute or to a provision in the Policy

allowing attorney's fees; therefore, plaintiff is not entitled to recovery attorney's fees.

Defendant is correct that Louisiana law only allows the recovery of attorney's fees where authorized by statute or by contract. *Sher v. Lafayette Ins. Co.*, 988 So.2d 186, 201 (La. 2008), *Rivet v. State, Dept. of Transp. and Development*, 680 So.2d 1154, 1160 (La. 1996). Plaintiff's petition does not cite to a specific statute that would allow the recovery of attorney's fees in connection with this suit. Although there are statutes in the Louisiana Insurance Code that provide for the recovery of attorney's fees in certain circumstances, plaintiff does not allege that defendant was in violation of these statutes by acting in bad faith in adjusting and settling his claim or in an arbitrary and capricious manner in failing to pay plaintiff's claim. Additionally, it appears that the Policy does not contain a provision that would allow for the recovery of attorney's fees by the plaintiff, and plaintiff has not pointed to a specific provision of the Policy that would allow recovery. Defendant represents that there are no other contracts between the parties that would allow for the recovery of attorney's fees, which is not rebutted by plaintiff. Accordingly,

**IT IS ORDERED** that defendant's motion for partial summary judgment (rec. doc. 18) is **GRANTED**, and plaintiff's claim for attorney's fees is dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on July 27, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**